# United States Court of Appeals for the Federal Circuit

---

**WI-FI ONE, LLC,**
*Appellant*

**v.**

**BROADCOM CORPORATION,**
*Appellee*

---

2015-1944, -1945, -1946

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2013-00601, IPR2013-602, IPR2013-00636.

---

**ON PETITION FOR REHEARING**

---

Before PROST, *Chief Judge*, NEWMAN, LOURIE, DYK, MOORE, O'MALLEY, REYNA, WALLACH, TARANTO, CHEN, HUGHES, and STOLL, *Circuit Judges*

PER CURIAM.

**O R D E R**

Appellant Wi-Fi One, LLC filed a petition for rehearing and rehearing en banc in all three appeals. A response was invited from the Appellee, Broadcom Corporation, to the three petitions. The petitions and responses were considered by the panel that heard the appeal, *see* Fed.

Cir. R. 35 Practice Notes, and thereafter referred to the circuit judges in regular active service. A poll was requested and taken, and the court decided that the appeal warrants en banc consideration.

Upon consideration thereof,

IT IS ORDERED THAT:

(1) The petitions for rehearing en banc filed by Appellant Wi-Fi One, LLC are granted.

(2) The court's opinions in *Wi-Fi One, LLC v. Broadcom Corp.*, 837 F.3d 1329 (Fed. Cir. 2016), *Wi-Fi One, LLC v. Broadcom Corp.*, 2016 WL 4933344 (Fed. Cir. Sept. 16, 2016), and *Wi-Fi One, LLC v. Broadcom Corp.*, 2016 WL 4933418 (Fed. Cir. Sept. 16, 2016) are vacated, and the appeals are reinstated.

(3) The Appellant and Appellee are requested to file supplemental briefs. The briefs should address the following question:

> Should this court overrule *Achates Reference Publishing, Inc. v. Apple Inc.*, 803 F.3d 652 (Fed. Cir. 2015) and hold that judicial review is available for a patent owner to challenge the PTO's determination that the petitioner satisfied the timeliness requirement of 35 U.S.C. § 315(b) governing the filing of petitions for inter partes review?

Briefing should be limited to this question.

(4) The supplemental en banc briefs and briefs of any amici curiae shall be electronically filed in the ECF system, and thirty paper copies of each brief shall be filed with the court. Two paper copies of all filings shall be served on opposing counsel. Briefs shall adhere to the type-volume limitations

set forth in Federal Rule of Appellate Procedure 32 and Federal Circuit Rule 32.

(5) The supplemental brief of Appellant must be filed by Monday, February 13, 2017. Any amicus brief supporting Appellant's position or supporting neither position must be filed by Thursday, February 23, 2017. Appellee's supplemental brief must be filed by Wednesday, March 15, 2017. Any amicus brief supporting Appellee's position must be filed by Monday, March 27, 2017. Appellant's reply brief must be filed by Wednesday, March 29, 2017.

(6) The court invites the views of the United States Patent and Trademark Office as amicus curiae. Any other briefs of amicus curiae may be filed without consent and leave of court. All amicus briefs must comply with Federal Rule of Appellate Procedure 29 and Federal Circuit Rule 29. All amicus briefs shall be filed as stated above.

(7) The appeal will be heard en banc on the basis of the supplemental briefs ordered herein and oral argument.

(8) Oral argument will be scheduled at a later date.

FOR THE COURT

January 4, 2017
Date

/s/ Peter R. Marksteiner
Peter R. Marksteiner
Clerk of Court