**Nos. 2015-1944, -1945, -1946**

# United States Court of Appeals for the Federal Circuit

WI-FI ONE, LLC,

*Appellant,*

– v. –

BROADCOM CORPORATION,

*Appellee,*

MICHELLE K. LEE, DIRECTOR,
U.S. PATENT AND TRADEMARK OFFICE

*Intervenor.*

*Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Case Nos. IPR2013-00601, IPR2013-00602, IPR2013-00636*

## *EN BANC* BRIEF OF THE BOSTON PATENT LAW ASSOCIATION AS *AMICUS CURIAE* IN SUPPORT OF NEITHER PARTY

KIA LYNN FREEMAN
ERIK PAUL BELT
MCCARTER & ENGLISH, LLP
265 Franklin Street
Boston, Massachusetts 02110
(617) 449-6500

*Counsel for Amicus Curiae Boston Patent Law Association*

February 23, 2017

## CERTIFICATE OF INTEREST

Counsel for *Amicus Curiae*, Boston Patent Law Association, certifies the following:

1. The full name of every party or amicus represented by me is:

   Boston Patent Law Association.

2. The name of the real party in interest (please only include any real party in interest NOT identified in Question 3. below) represented by me is:

   Boston Patent Law Association.

3. All parent corporations and any publicly held companies that own 10 percent of the stock of the party or amicus curiae represented by me are:

   None.

4. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

   Kia L. Freeman
   Erik P. Belt
   McCarter & English, LLP
   265 Franklin Street
   Boston, MA 02110

   Attorneys for Amicus Curiae, Boston Patent Law Association.

/s/ *Kia L. Freeman*
KIA L. FREEMAN

# TABLE OF CONTENTS

**Page**


CERTIFICATE OF INTEREST .......... i

TABLE OF CONTENTS .......... ii

TABLE OF AUTHORITIES .......... iii

INTERESTS OF *AMICUS CURIAE* .......... 1

SUMMARY OF THE ARGUMENT .......... 2

ARGUMENT .......... 3

I. THE FLAW IN *ACHATES* .......... 3

II. THE BOARD'S AUTHORITY TO INSTITUTE AN *INTER PARTES* REVIEW DEPENDS ON THE PARTICULAR PETITIONER .......... 6

III. THE RIGHT TO APPEAL A FINAL WRITTEN DECISION IS NOT ABRIDGED BY THE BOARD'S DECISION TO INSTITUTE AN *INTER PARTES* REVIEW .......... 8

A. An Institution Decision Is Not A Final Written Decision .......... 8

B. The Institution Decision Represents a Determination that the Petitioner Has a Cause of Action .......... 9

C. The Final Written Decision Represents a Judgment on the Merits of the Petitioner's Cause of Action .......... 10

D. Section 319 Authorizes the Appeal of the Board's Judgment on the Merits .......... 12

CONCLUSION .......... 14

CERTIFICATE OF SERVICE .......... 15

CERTIFICATE OF COMPLIANCE .......... 17

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Achates Reference Publ'g, Inc. v. Apple, Inc.*,
803 F.3d 652 (Fed. Cir. 2015) ....................2, 3, 4, 9, 14

*Agilent Techs, Inc.. v. Waters Techs. Corp.*,
811 F.3d 1326 (Fed. Cir. 2016) ....................4, 5, 11

*Bell v. Hood*,
327 U.S. 678 (1946) ....................9, 11

*Cuozzo Speed Techs., LLC v. Lee*,
136 S. Ct. 2131 (2016)....................6, 10, 11, 13

*Davis v. Passman*,
442 U.S. 228 (1979) ....................4, 5, 9

*Nat'l R.R. Passenger Corp. v. Nat'l Assn. of R.R. Passengers*,
414 U.S. 453 (1974) ....................11

*Versata Devevelopment Group, Inc. v. SAP America, Inc.*,
793 F.3d 1306 (Fed. Cir. 2015), *cert. denied*, 136 S. Ct. 2510 (2016)..........8, 9, 13

**FEDERAL STATUTES**

35 U.S.C. §§ 301-307....................12

35 U.S.C. § 311(a) ....................6

35 U.S.C. § 312(a) ....................4, 6, 9

35 U.S.C. § 313 ....................7

35 U.S.C. § 314(a) ....................2, 3, 4, 5, 6, 10

35 U.S.C. § 314(d)....................2, 10

35 U.S.C. § 315(a)(1)....................7

35 U.S.C. § 315(b)....................2, 3, 7, 8, 13, 14

35 U.S.C § 315(e)(1) ....................7

35 U.S.C. § 316 .......... 12

35 U.S.C. § 317(a) .......... 11

35 U.S.C. § 318(a) .......... 2, 3

35 U.S.C. § 319 .......... 2, 12, 13

**REGULATIONS**

37 C.F.R. § 42.8 .......... 6

37 C.F.R. § 42.73(a) .......... 10

37 C.F.R. § 42.104 .......... 4, 6, 9, 12

## INTERESTS OF *AMICUS CURIAE*

The Boston Patent Law Association (BPLA) is a professional association of approximately 1,000 attorneys and other professionals whose interests and practices lie in the area of intellectual property. The BPLA's membership includes both in-house and outside counsel representing a diverse range of clients. The BPLA therefore has an institutional interest in seeing the law develop in a clear, predictable, and intellectually coherent way. The BPLA is interested in seeing U.S. law interpreted in a manner that promotes innovation and protects innovators.

Of particular relevance to this case, BPLA members and their clients often participate in *inter parte*s reviews, both as petitioners and patent owners. As such, a decision in this matter affects not just the underlying parties but also the BPLA.

As an organization, the BPLA has no stake in any of the parties to this litigation and takes no position on the merits of the parties' underlying matter. No party to the appeal or its counsel authored this brief in whole or in part. No party to the appeal, its counsel, or other person besides the BPLA has contributed money that was intended to fund preparation or submission of this brief.

The BPLA submits this brief as an *amicus curiae* pursuant to Fed. R. App. 29, Fed. Cir. R. 29, and the Court's Order on Petition for Rehearing dated January 4, 2017, authorizing *amicus curiae* briefs to be filed in this case without consent or leave of this Court.

## SUMMARY OF THE ARGUMENT

The BPLA urges the Court to overrule its decision in *Achates Reference Publishing, Inc. v. Apple Inc.*, and hold that this Court may review a determination of the Patent Trial and Appeal Board ("the Board") that an *inter partes* review was or was not time-barred under 35 U.S.C. § 315(b) ***if*** the Board considered and resolved the issue in its final written decision. The holding in *Achates* appears to confuse the "petition" with the "petitioner," as those terms appear in 35 U.S.C. § § 314(a) and 315(b), and also conflates institution and final written decisions.

The Board's power to institute an *inter partes* review under § 314(a) is particular to the "petitioner." There must be a showing that "there is a reasonable likelihood that the *petitioner* would prevail" on at least one of the challenged claims. § 314(a) (emphasis added). Under § 315(b), in turn, a "petitioner" (or its privy or real party in interest) is barred from filing a petition more than one year after being served with a complaint for infringement of the challenged patent.

The Board's institution decision is a preliminary decision, based on a reasonable likelihood that the petitioner has presented a cause of action. A time-barred petitioner, however, has no cause of action. The Board's final written decision under § 318(a) is, in effect, a decision on the merits of the cause of action. Although § 314(d) prohibits review of the Board's institution decision, it does not address review of the Board's final written decision on the merits. Section 319

permits review of § 318(a) final written decisions. Thus, to the extent that a final written decision addresses the time-bar issue (or other issues related to whether the petitioner has a cause of action), then that issue should be reviewable.

Thus, *Achates* should be overruled and this Court should hold that judicial review is available for the Board's final written decision as to whether the petitioner satisfied the timeliness requirements of section 315(b).

## ARGUMENT

### I. THE FLAW IN *ACHATES*

The *Achates* court appears to have misread the statutory threshold of § 314(a) as applying to the petition, not the petitioner. Citing § 314(a), *Achates* states that "there must be a 'reasonable likelihood' that *the petition* will prevail." *Achates Reference Publ'g, Inc. v. Apple, Inc.*, 803 F.3d 652, 654-55 (Fed. Cir. 2015) (emphasis added). But in fact, the governing provision states there must be "a reasonable likelihood that *the petitioner* would prevail." 35 U.S.C. § 314(a) (emphasis added).

The *Achates* court then reasoned that the "§ 315(b) time bar does not impact the Boards' authority to invalidate a patent claim [because] it only bars particular *petitioners* …." 803 F.3d at 657 (emphasis added). In other words, *Achates* suggests that the Board's authority to invalidate is not particular to the petitioner. But an arbiter's authority to act is often dependent on the petitioner. *See, e.g.*,

*Davis v. Passman*, 442 U.S. 228, 239 n.18 (1979) ("Thus it may be said that . . . *cause of action* is a question of whether a particular plaintiff is a member of the class of litigants that may, as a matter of law, appropriately invoke the power of the court . . . ") (emphasis in original); *Agilent Techs, Inc.. v. Waters Techs. Corp.*, 811 F.3d 1326, 1330-34 (Fed. Cir. 2016) (dismissing appeal because the appellant, who was not the third-party requester of the underlying *inter partes* reexamination, lacked a cause of action to appeal an adverse Board decision). And the source of the Board's recognized invalidation authority, § 314(a), is specific to the petitioner. *See* 35 U.S.C. § 314(a) (requiring "a reasonable likelihood that *the petitioner* would prevail . . .") (emphasis added).

The *Achates* court reasoned that "the timeliness issue . . . could have been avoided . . . if a petition identical to Apple's were filed by another [petitioner]." *Achates*, 803 F.3d at 657. But another petitioner could not have presented a petition identical to Apple's petition. Each petition must include information and certifications particular to the given petitioner. *See, e.g.*, 35 U.S.C. § 312(a)(2) (requiring a petition to identify all real parties in interest); 37 C.F.R. § 42.104(a) (requiring the petitioner to certify, in the petition, that it is not barred or estopped from requesting an *inter partes* review challenging the patent claims on the grounds identified in the petition). Accordingly, even if another petitioner were to file a petition challenging the patent on grounds *identical* to the grounds in Apple's

petition (*e.g.*, the same prior art), that petition would present a different issue under the relevant requirement. For example, was the hypothetical second petitioner the real party in interest? Was that second petitioner also time-barred? Again, the question is whether "a reasonable likelihood that *the petitioner* would prevail" exists. 35 U.S.C. §314(a) (emphasis added).

Indeed, the main issue that Achates sought to present on appeal was whether *any* grounds presented by Apple in particular—not by a hypothetical petitioner presenting the same grounds—could prevail. Achates argued that Apple, in particular, was time-barred. Perhaps Achates should have argued that due to the time bar, Apple lacked a cause of action. *See, e.g.*, *Davis*, 442 U.S. at 239 n.18 ("[W]hether petitioner has asserted a cause of action, . . . depends . . . on whether the class . . . of which petitioner is a member may . . . enforce the right at issue."). In any event, arbiters routinely consider whether a particular plaintiff is a member of the class that may appropriately invoke a statutory power. *See, e.g.*, *Agilent*, 811 F.3d at 1330 ("Although the parties frame this dispute as one relating to jurisdiction, it is properly framed as one relating to whether Agilent has a cause of action."). Whether the particular petitioner is a member of the class that may appropriately invoke the Board's invalidation power through an *inter partes* review is a matter properly considered by the Board in determining whether there is a reasonable likelihood that *the petitioner* would prevail.

## II. THE BOARD'S AUTHORITY TO INSTITUTE AN *INTER PARTES* REVIEW DEPENDS ON THE PARTICULAR PETITIONER

Section 314(a) authorizes the Director of the USPTO (or, in practice, the Board as the Director's proxy) to institute an *inter partes* review. *See, e.g.*, *Cuozzo Speed Techs., LLC v. Lee*, 136 S. Ct. 2131, 2137 (2016). Section 314(a) provides that the Board may not institute an *inter partes* review unless certain conditions are met. As an initial matter, the Board will consider the information presented in the petition for *inter partes* review and any response thereto. *See* 35 U.S.C. §§ 314(a) and 312(a). The Board may not institute *inter partes* reviews unless that information shows that "there is a reasonable likelihood that *the petitioner* would prevail with respect to at least 1 of the claims challenged in the petition." 35 U.S.C. § 314(a) (emphasis added).

The petition must include information particular to the petitioner. For example, a petition must identify all real parties in interest. *See* § 312(a)(2). A petition must also identify related matters that would affect, or be affected by, a decision in the proceeding. *See* § 312(a)(4); 37 C.F.R. § 42.8 (requiring a petition to identify related matters); 37 C.F.R. § 42.104 (specifically requiring a petition for *inter partes* review to comply with 37 C.F.R. § 42.8).

Any interest the petitioner has in the patent may affect the particular petitioner's likelihood of prevailing. For example, if the patent owner filed the petition, an *inter partes* review may not be instituted. *See* 35 U.S.C. § 311(a).

Related matters may also affect the particular petitioner's likelihood of prevailing. For example, if the petitioner filed a civil action challenging the patent's validity before filing the petition, an *inter partes* review may not be instituted. *See* 35 U.S.C. § 315(a)(1). Likewise, if the petitioner delayed filing the petition more than a year from service of a patent infringement complaint, an *inter partes* review may not be instituted. *See* § 315(b). A similar delay in filing by a real party in interest or privy may also affect the particular petitioner's likelihood of prevailing. And a final written decision in a related review may bar the petitioner from maintaining an *inter partes* review based on a later petition. *See* § 315(e)(1).

Although the petition can give the Board the information it needs for deciding whether to institute the review, that is not the end of the story. The patent owner's response may provide further information particular to the petitioner. A response "sets forth reasons why no inter partes review should be instituted" and may identify "the failure of the petition to meet any requirement of [inter partes review]." 35 U.S.C. § 313. For example, the response could identify any real-party in interest or any related matter that was omitted from the petition. Thus, at the outset, the Board is deciding, in effect, whether the *petitioner* would prevail. Yes, that does depend, of course, on the prior art and patentability arguments

presented, but it also depends on the status of the petitioner and whether that particular petitioner has a cause of action.

## III. THE RIGHT TO APPEAL A FINAL WRITTEN DECISION IS NOT ABRIDGED BY THE BOARD'S DECISION TO INSTITUTE AN *INTER PARTES* REVIEW

### A. An Institution Decision Is Not A Final Written Decision

In deciding whether to institute a given *inter partes* review, the Board should consider whether the particular petitioner is a member of the class of persons entitled to an *inter partes* review. This means that the Board should consider, for example, whether, under § 315(b), the petitioner has acted within the one-year limit.

Once the Board finds that there is a reasonable likelihood that the petitioner would prevail, with the subsidiary finding that there is a reasonable likelihood that the petitioner is not time-barred, the Board institutes review. After instituting the review, the Board must consider the merits of the petitioner's cause of action. The Board may ultimately issue a final written decision presenting all of the same conclusions that it presented in its institution decision. Nonetheless, an institution decision that there is a reasonable likelihood that the petitioner would prevail fundamentally differs from a final written decision that the petitioner did prevail.

In *Versata Development Group, Inc. v. SAP America, Inc.*, this Court noted that "[i]nstitution and invalidation are two distinct actions by the [Board]." 793

F.3d 1306, 1319 (Fed. Cir. 2015), *cert. denied*, 136 S. Ct. 2510 (2016). The Court explained that, "in addition to being deeply embedded in federal administrative law, the distinction is built into the structure of [the] AIA statute." *Id.* *Versata* rightly concluded that "[t]he distinct agency actions do not become the same just because the agency decides certain issues at both stages of the process." *Id.*; *see also Achates*, 803 F.3d at 657 (affirming that conclusion). Thus, the power to appeal one decision (on the merits) is not limited by the lack of power to appeal the other decision (on institution).

### B. The Institution Decision Represents a Determination that the Petitioner Has a Cause of Action

As detailed above, whether the petitioner has asserted a cause of action depends, in part, on whether the petitioner has certified that it is a member of the class of persons that may properly challenge the patent through *inter partes* review. *See* 35 U.S.C. § 312(a)(4); 37 C.F.R. § 42.104(a) (Patent Office requiring the petitioner to "certify . . . that the petitioner is not barred or estopped from requesting an inter partes review challenging the patent claims on the grounds identified in the petition."); *see also Davis*, 442 U.S. at 239 n.18.

In court litigation, "the court must assume jurisdiction to decide whether the allegations state a cause of action on which the court can grant relief as well as to determine issues of fact arising in the controversy." *Bell v. Hood*, 327 U.S. 678, 682 (1946). Similarly, the Board must assume jurisdiction to decide whether the

petitioner presents a cause of action on which the Board may grant relief, as well as to determine issues of fact arising in the *inter partes* review. The Board's decision to institute an *inter partes* review thus represents a decision that the petitioner has presented a cause of action under § 314(a). *See Cuozzo*, 136 S.Ct. at 2141 ("Congress has told the Patent Office to determine whether inter partes review should proceed") (emphasis omitted). The institution of an *inter partes* review merely enables the Board to consider the cause of action presented by the petitioner on its merits. Because of the preliminary nature of the institution decision, Congress made it "nonappealable." 35 U.S.C. § 314(d).

### C. The Final Written Decision Represents a Judgment on the Merits of the Petitioner's Cause of Action

After instituting an *inter partes* review, the Board considers the petitioner's cause of action on its merits. Indeed, the Board considers all of the issues that are raised in an *inter partes* review. *See* 37 C.F.R. § 42.73(a) ("judgment, except in the case of a termination, disposes of all issues that were . . . raised . . ."). Thus, if the issue is raised, the Board will consider, on the merits, whether the petitioner is in fact a member of the class of petitioners that may properly challenge the patent through *inter partes* review. And under *Cuozzo*, a decision in which the Board exceeds its statutory authority is properly reviewable. *See Cuozzo*, 136 S.Ct. at 2141-42.

"Jurisdiction . . . is not defeated . . . by the possibility that the averments might fail to state a cause of action on which petitioners could actually [prevail]." *Bell*, 327 U.S. at 682. Indeed, as this Court noted in *Agilent*, "it is well settled that the failure to state a proper cause of action calls for a *judgment on the merits* and not for a dismissal for want of jurisdiction." 811 F.3d at 1330 (emphasis added) (quoting *Bell*, 327 U.S. at 682); *see also Nat'l R.R. Passenger Corp. v. Nat'l Assn. of R.R. Passengers*, 414 U.S. 453, 465 n. 13 (1974) ("Since we hold that no right of action exists, questions of standing and jurisdiction became immaterial").

Thus, once the Board gains jurisdiction over an *inter partes* review through a finding that the information presented shows that there is a reasonable likelihood that the petitioner would prevail, the Board's jurisdiction cannot be defeated by the possibility that the petitioner's challenge may fail. Jurisdiction is not defeated by the possibility that the petitioner may drop out. *See* 35 U.S.C. § 317(a) (allowing the Board to continue without the petitioner); *see also Cuozzo*, 136 S.Ct. at 2140 (recognizing "Congress . . . granted the Patent Office th[e] authority . . . to continue proceedings after the original petitioner settles and drops out"). Rather the cause of action calls for a judgment on the merits. The final written decision is that judgment on the merits.

The petitioner is in the best position to determine whether it has a cause of action to challenge a patent in an *inter partes* review because the petitioner should

be aware of any civil action challenging patent validity that it filed, of any service of a patent infringement complaint, and of its relationship to privies and real parties in interest. And in its petition, the petitioner must even certify that it is not barred or estopped from requesting an *inter partes* review challenging the patent. *See* 37 C.F.R. § 42.104(a). A potential petitioner is free to challenge patent validity by other means, such as through a request for *ex parte* reexamination. *See* 35 U.S.C. §§ 301-307. The petitioner must choose to challenge patent validity with a petition for *inter partes* review. Thus, an erroneous or deceitful certification—that the petitioner is a member of the class of petitioners that may properly challenge the patent through *inter partes* review—calls for a judgment against the petitioner on the merits.

### D. Section 319 Authorizes the Appeal of the Board's Judgment on the Merits

Unlike the institution decision, the final written decision in an *inter partes* review represents the Board's judgment on the merits. The final written decision is only reached after discovery and argument. *See* 35 U.S.C. § 316. As a result of discovery and motion practice during the trial phase of the *inter partes* review (*i.e.*, after institution and leading up to the final oral argument), further facts may come to light as to the status of the petitioner and the time-bar issue. For example, the patent owner may uncover evidence that the petitioner has a privy or real party in interest and that party was served with a complaint more than one year before the

petitioner filed its petition for review. The patent owner may then raise the issue in its briefing during the trial phase, and the Board may consider and rule on it.

In any event, this Court has recognized that, even if the final written decision includes the exact same findings and conclusions as the institution decision, the final written decision is still not the same as the institution decision. *Versata*, 793 F.3d at 1319 ("Institution and invalidation are two distinct actions by the [Board]").

Section 319 provides that "[a] party dissatisfied with the final written decision . . . may appeal the decision." 35 U.S.C. § 319. Thus, according to the plain wording of the statute, the final written decision is appealable.

In *Cuozzo*, the Supreme Court confirmed the "'strong presumption' in favor of judicial review" that applies when interpreting statutes. *Cuozzo*, 136 S.Ct. at 2140. Review of a final written decision is not review of the Board's threshold decision to institute an *inter partes* review. As explained above, review of a final written decision does not implicate the jurisdiction of the Board over an *inter partes* review. Thus, when the final written decision addresses the application of the time bar of § 315(b) to the petitioner, that part of the decision is, and should be, reviewable on appeal.

The Board may not institute an *inter partes* review if the petitioner were time barred. *Cuozzo* made clear that *ultra vires* actions by the Board are

reviewable. If such actions were not reviewable, the time bar of § 315(b) would be meaningless. That is why this Court is authorized to review the Board's final determination that the petitioner has a cause of action. And that's why *Achates* should be overruled.

## CONCLUSION

*Achates* should be overruled and this Court should hold that judicial review is available for the Patent Office's determination as to whether the petitioner satisfied the timeliness requirements of Section 315(b).

Dated: February 23, 2017

Respectfully submitted,

*/s/ Kia Lynn Freeman*
Kia Lynn Freeman
Erik Paul Belt
McCarter & English, LLP
265 Franklin Street
Boston, MA 02110
Phone: (617) 449-6500
Fax: (617) 443-6161
kfreeman@mccarter.com
ebelt@mccarter.com

*Counsel for Amicus Curiae*

**United States Court of Appeals**
**for the Federal Circuit**

*Wi-Fi One, LLC v Broadcom Corporation*, 2015-1944, -1945, -1946

. **CERTIFICATE OF SERVICE**

I, Robyn Cocho, being duly sworn according to law and being over the age of 18, upon my oath depose and say that:

Counsel Press was retained by MCCARTER & ENGLISH, LLP, Attorneys for Amicus Curiae, Boston Patent Law Association, to print this document. I am an employee of Counsel Press.

On **February 23, 2017,** counsel has authorized me to electronically file the foregoing **Brief of Amicus Curiae** with the Clerk of Court using the CM/ECF System, which will serve via e-mail notice of such filing to all counsel registered as CM/ECF users, including the following principal counsel for the parties:

Dominic E. Massa
Wilmer Cutler Pickering Hale
and Dorr LLP
60 State Street
Boston, Massachusetts 02109
617-526-6000
dominic.massa@wilmerhale.com
Principal Counsel for Appellee

Nathan K. Kelley
U.S. Patent and Trademark Office
Office of the Solicitor
PO Box 1450, Mail Stop 8
Alexandria, VA 22313
571-272-9035
nathan.kelley@uspto.gov
Principal Counsel for Intervenor

G. Donald Puckett
NELSON BUMGARDNER PC
3131 West 7th Street, Suite 300
Fort Worth, TX 76107
817-377-9111
puckett@nelbum.com
Principal Counsel for Appellant

Paper copies will also be mailed to the above principal counsel on this date.

All counsel for Amicus Curiae, appearing at the time of this filing, will also be served via CM/ECF notice.

Thirty paper copies will be filed with the Court within the time provided in the Court's rules.

February 23, 2017

/s/ Robyn Cocho
Robyn Cocho
Counsel Press

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 29(c)(5), I certify that the foregoing *Amicus Curiae* Brief is 3,349 words in length, according to the word processing system used in preparing it, excluding those portions exempted by Fed. R. App. P. 32(a)(7)(B)(iii) and Fed. Cir. R. 32(b).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14 point Times New Roman.

*/s/ Erik Paul Belt*
*Counsel for Amicus Curiae Boston Patent Law Association*