

G. Donald Puckett
direct 817.806.3819
puckett@nbafirm.com

July 27, 2018

Honorable Peter R. Marksteiner
Circuit Executive and Clerk of the Court
United States Court of Appeals for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

**RE: Notice of Supplemental Authority** in *Wi-Fi One, LLC v. Broadcom Corp.*, Case Nos. 2015-1944, 2015-1945, and 2015-1946, on Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board ("PTAB")

Dear Mr. Marksteiner:

Pursuant to Federal Rule of Appellate Procedure 28(j) and Federal Circuit Rule 28(i), Appellant Wi-Fi One files this Notice of Supplemental Authority.

On July 24, 2018, the Federal Circuit unsealed its opinion in *Applications in Internet Time, L.L.C. v. RPX Corp.*, Case Nos. 2017-1698, 2017-1699, and 2017-1701 (herein "Slip Op."). In *Applications*, the Court held that the PTAB relied upon an "erroneous understanding" of 35 U.S.C. §315(b), vacated the PTAB's decision, and remanded. *Applications* is relevant to this appeal for at least the following reasons:

1.       *Applications* held the PTAB commits reversible error when it fails to meaningfully consider all relevant factors of the §315(b) "real party in interest or privy" legal standard. *See* Slip Op. at 26-27 ("Although the Board quoted the portions of the Trial Practice Guide . . . it did not apply these principles in its §315(b) analysis. . . . We conclude that the Board's consideration of the evidence was impermissibly shallow . . . ."). *Compare,* Wi-Fi Second Petition at p.8, ¶5.



G. Donald Puckett
direct 817.806.3819
puckett@nbafirm.com

2.      The Court in *Applications* expressly considered the requirements of the Administrative Procedure Act, and vacated based on the PTAB's failure to consider known evidence bearing on §315(b) and selective weighing of the record evidence. *See* Slip Op. at 28-37. *Compare* Wi-Fi Second Petition at p.6, ¶1 and p.9-12.

3.      Both the USPTO and Broadcom assert that "*Auer* deference" is not implicated in this appeal. *See* USPTO Response at 11; Broadcom Response at 3-4. But *Applications* demonstrates otherwise. *See* Slip Op. at 15-16 (discussing standard of review, citing *Auer*). Further, *Applications* held that §315(b) is not ambiguous and therefore does not give rise to "*Chevron*" deference to the PTAB's interpretation of the statute. *See id.* at 21.

Given the close factual and legal similarities between this appeal and *Applications*, but with diametrically opposed outcomes, there now is a Federal Circuit panel split regarding the correct standard of review for the PTAB's §315(b) decisions and procedures, and regarding the applicability of the APA in this context. This panel split strongly weighs in favor of *en banc* consideration.

Sincerely,

Donald Puckett
*Counsel for Appellant*
*Wi-Fi One, LLC*



G. Donald Puckett
direct 817.806.3819
puckett@nbafirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of July, 2018, I caused this Notice of Supplemental Authority to be filed electronically with the Clerk of Court using the CM/ECF System, which will send notice of such filing to all registered attorneys participating in this case. Such notice constitutes service on those registered attorneys.

/s/ Donald Puckett
Donald Puckett
*Attorney for Appellant*
*Wi-Fi One, LLC*