WILMERHALE

**Dominic E. Massa**

July 30, 2018

+1 617 526 6386 (t)
+1 617 526 5000 (f)
Dominic.Massa@wilmerhale.com

The Honorable Peter R. Marksteiner
Circuit Executive and Clerk of Court
United States Court of Appeals for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Re:    *Wi-Fi One, LLC v. Broadcom Corporation*, Nos. 2015-1944, -1945, -1946

Dear Colonel Marksteiner:

I write on behalf of Broadcom Corporation in response to Wi-Fi's July 27, 2018 letter regarding *Applications in Internet Time, LLC v. RPX Corp.*, Case Nos. 2017-1698, et al. (Fed. Cir. July 9, 2018).  In *Applications*, citing the remand decision in this case, the Court reaffirmed that 35 U.S.C. § 315(b) requires a "flexible" approach in determining whether a non-party is a "privy" or "real party in interest."  *See* Slip op. at 13, 18, 26.  *Applications* does not support Wi-Fi's arguments—and, in fact, further supports denying rehearing—for at least the following reasons:

1. There is no "Federal Circuit panel split" between *Applications* and the remand decision in this case, as Wi-Fi contends.  Letter at 2.  To the contrary, *Applications* cited and relied upon the remand decision here in reaching a decision based on the separate facts of that case.  *See Applications*, Slip op. at 13, 18.

2. *Applications* did not address the Board's denial of a motion for additional discovery, or question the Board's substantial discovery-related discretion.  Moreover, *Applications* involved the Board's failure to consider, and provide a reasoned explanation regarding, various pieces of evidence in the record (slip op. at 27-29), whereas the Board here considered the complete factual record and provided a detailed explanation of its reasons for rejecting Wi-Fi's Section 315(b) arguments (*see* Broadcom Response at 9-10).  Thus, *Applications* is not, as Wi-Fi suggests, factually or legally "similar[]" to this case.

3. Finally, *Applications* does not support Wi-Fi's untimely *Auer* argument.  *Applications* involved a challenge to the Board's interpretation of Section 315(b).  *See Applications*, Slip op. at 15-16.  Here, by contrast, Wi-Fi does not challenge the Board's interpretation of any statute or rule, and merely disputes the Board's ***application*** of its discovery rules to the facts presented; thus, *Auer* is irrelevant for the reasons Broadcom has explained. Broadcom Response at 3-5.

Accordingly, *Applications* supports denying Wi-Fi's motion for rehearing.

WILMERHALE

July 30, 2018
Page 2

Respectfully submitted,

*/s/ Dominic E. Massa*

Dominic E. Massa

cc: Counsel of Record (via ECF)